IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BENNETT,                                        No. 2:13-CV-2295-CMK-P

       Plaintiff,

   vs.                                                          ORDER

BUTTE COUNTY POLICE DEPARTMENT,

       Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 14).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In the amended complaint, plaintiff names as the only defendant the Butte County Police Department.[1] Plaintiff claims that the Butte County Police Department "illegally stopped me and as result put in prison for no reason. . . ." The court addressed this claim in its prior screening order as follows:

> As to the Butte County Police Department, municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). In this case, plaintiff fails to identify any custom or policy of the Butte County Police Department which resulted in the alleged constitutional deprivation.

---

[1] The amended complaint does not name Michael Ramsey, who was named in the original complaint. The Clerk of the Court is directed to terminate Michael Ramsey as a defendant to this action.

1  Plaintiff was provided an opportunity to identify some custom or policy of defendant which
2  resulted in a constitutional violation but fails to do so.
3         Because it does not appear possible that the deficiencies identified herein can be
4  cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to
5  dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000)
6  (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this
7  action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to
8  respond to this order may result in dismissal of the action for the reasons outlined above, as well
9  as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.
10         IT IS SO ORDERED.

12   DATED: February 23, 2016

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE