IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BENNETT,                           No. 2:13-CV-2295-CMK-P

    Plaintiff,

  vs.                                            ORDER

BUTTE COUNTY POLICE DEPARTMENT,

    Defendant.

/

        Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff had consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party had been served or appeared in the action. Final judgment was entered on October 13, 2016. Pending before the court is plaintiff's motion (Doc. 26) for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

        Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an

1  opposing party.  A motion for reconsideration on any of these grounds must be brought within a

2  reasonable time and no later than one year of entry of judgment or the order being challenged.

3  See Fed. R. Civ. P. 60(c)(1).

4          In this case, the court dismissed the action after plaintiff failed to respond to the

5  court's order to show cause.  In the order to show cause, the court stated:

> In the amended complaint, plaintiff names as the only defendant the Butte County Police Department (footnote omitted). Plaintiff claims that the Butte County Police Department "illegally stopped me and as result put in prison for no reason. . . ."  The court addressed this claim in its prior screening order as follows:
>
>> As to the Butte County Police Department, municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).   In this case, plaintiff fails to identify any custom or policy of the Butte County Police Department which resulted in the alleged constitutional deprivation.
>
> Plaintiff was provided an opportunity to identify some custom or policy of defendant which resulted in a constitutional violation but fails to do so.

22  In the current motion for reconsideration, plaintiff offers no argument regarding municipal

23  liability or otherwise demonstrates how the court's conclusion regarding the Butte County Police

24  Department is in error.

25  / / /

26  / / /

2

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 26) is denied.

DATED: January 20, 2017

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE